### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT

#### OF

# NORTH DAKOTA

FLORENCE N. CATTO, Respondent, v. ALBERT HOLLISTER, Van Sant Investment Company, a Foreign Corporation, Bruce W. Sanborn, and Reuben M. Cecil, also Known as R. M. Cecil, Appellants.

(166 N. W. 506.)

**Real property — title to — forged deed — cannot be obtained through.**

Title to real property cannot be obtained through a forged deed.

Opinion filed January 31, 1918.

Appeal from the District Court of Burleigh County, Honorable W. L. *Nuessle,* Judge.

Defendants appeal.

Affirmed.

*Sullivan & Sullivan,* for appellants.

The appointment of an agent need not be by express language, but may be and often is implied from the relation of the parties and from their conduct. 1 Am. & Eng. Enc. Law, 957, note 5, 959, 960, 1144 and cases cited in note 1.

Silence, when there is a duty to speak, is deemed equivalent to concealment when the person had a full knowledge of the facts and of his

        

rights.   10 R. C. L. 693; Pom. Eq. Jur. 802, 804; Lansdale v. Smith, 106 U. S. 391, 27 L. ed. 219, 1 Sup. Ct. Rep. 350.

A person cannot conceal facts from another for the purpose of protecting some other from the consequences of his crime, and after such concealment come in and claim forgery, after passively and knowingly permitting a purchaser to buy land, upon the record title, under an honest, though erroneous belief, that his vendor's title is perfect.   A person so acting is estopped to claim title.   Wampol v. Kountz, 14 S. D. 334, 86 Am. St. Rep. 765, 85 N. W. 595; Manufacturers' & T. Bank v. Hazard, 30 N. Y. 226; Lansdale v. Smith, 106 U. S. 391, 27 L. ed. 219, 1 Sup. Ct. Rep. 350; Sweatman v. Deadwood, 9 S. D. 380, 69 N. W. 582; Lee v. Sandy Hill, 40 N. Y. 448; Locke v. Stearns, 1 Met. 560, 35 Am. Dec. 382.

The principal is liable whether the injury to third persons is caused by the negligence or positive misfeasance of the agent.   Higgins v. Watervliet Turnp. & R. Co. 46 N. Y. 24, 7 Am. Rep. 293; 1 Am. & Eng. Enc. Law, 1158.

The doctrine of estoppel is based upon the idea that he who is silent when conscience requires him to speak shall be barred from speaking when conscience requires him to keep silent.   16 Cyc. 681; Mohall State Bank v. Duluth Elevator Co. 35 N. D. 619, 161 N. W. 287; Branthover v. Monarch Elevator Co. 33 N. D. 454, 156 N. W. 927; Phillips v. Clark, 4 Met. (Ky.) 348, 83 Am. Dec. 471; Leavitt v. Fairbanks, 92 Me. 521, 43 Atl. 115.

Under the circumstances here, it was the duty of the defendant to act promptly and to make known the hidden vice.   Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722; Mays v. Shields, 117 Ga. 814, 45 S. E. 68; Costello v. Meade, 55 How. Pr. 356; Haven v. Kramer, 41 Iowa, 384; Quick v. Milligan, 108 Ind. 419, 58 Am. Rep. 71, 9 N. E. 392; Connell v. Connell, 32 W. Va. 319, 9 S. E. 252; McConnell v. Rowland, 48 W. Va. 276, 37 S. E. 586.

*Miller, Zuger, & Tillitson (L. R. Pearson,* of counsel), for respondent.

"The law is well settled that no question of estoppel by deed can arise where the instrument is absolutely void."   11 Am. & Eng. Enc. Law, 393; Smith v. Ingram, 130 N. C. 100, 61 L.R.A. 878, 40 S. E. 984; Harkness v. Underhill, 1 Black, 316, 17 L. ed. 208; Powell v. Patison,

100 Cal. 236, 34 Pac. 677; Hunt v. Reilly, 24 R. I. 68, 59 L.R.A. 206, 96 Am. St. Rep. 707, 52 Atl. 681.

Failure to notify the grantees and encumbrancers defendants afterwards could work no estoppel, for in such case an estoppel does not arise after the fact. Hunt v. Reilly, supra.

The answers are wholly inadequate to support an estoppel, because they contain no allegation that defendants acted upon any act or omission or statement of plaintiff. Ibid., 8 Enc. Pl. & Pr. 10 and 11.

Where reliance is made upon an estoppel, it must be pleaded with fullness and certainty as to the facts constituting estoppel. Robbins v. Magee, 76 Ind. 381; Hanson v. Chiatovich, 13 Nev. 395.

Even silence or acquiescence on the part of an owner, after knowledge that third persons have already taken his property and dealt with it as their own, will not, as a general rule, work an estoppel. 11 Am. & Eng. Enc. Law, 439; Hamlin v. Sears, 82 N. Y. 330.

A forged deed can always be attacked. Vesey v. Solberg, 27 S. D. 618, 132 N. W. 254.

A principal is only liable for and chargeable with the lawful acts of an agent. The principal is not responsible for the wrongs or unlawful acts of the agent. 11 Am. & Eng. Enc. Law, 433, and cases cited.

ROBINSON, J. The plaintiff brings this action to quiet her title to all the land described in the complaint. She obtained a judgment. She is the owner of the patent title. Defendant claims under a deed which is clearly and confessedly forged, and appeals to this court. The claim is that plaintiff was negligent in not looking after her title, procuring abstracts, and promptly commencing an action to cancel the forged deeds.

The claim is futile. A party who has a good title to real property under recorded deeds has no occasion to keep watch of his title. Every purchaser or mortgagee must at his peril see that he gets title from one having title to convey. The appeal presents nothing worthy of any consideration or comment.

Judgment affirmed.